**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2195-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL J. HANSEN,

    Defendant-Appellant.

_____

Submitted April 30, 2025 – Decided June 16, 2025

Before Judges Currier and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 17-10-0713.

Jennifer N. Sellitti, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Khyzar Hussain, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael Hansen appeals from the trial court's January 25, 2024 order denying his application for post-conviction relief (PCR). Following our review of the record and the applicable legal principles, we affirm.

I.

In 2017, defendant was indicted and charged with two counts of first-degree death by auto, N.J.S.A. 2C:11-5(a); and two counts of second-degree leaving the scene of a motor vehicle accident resulting in death, N.J.S.A. 2C:11-5.1.

In May 2019, defendant pled guilty to two counts of first-degree death by auto. Defendant was placed under oath and provided a factual basis for his guilty plea. He testified that on April 2, 2017, he was drinking at a bar. He stated he was drinking Miller Lite and shots of Jameson whiskey and that he was drunk by the time he entered his vehicle.[1] He further acknowledged, after leaving the bar, he drove his vehicle a few blocks to the area near a diner, where he struck and killed two individuals. Defendant conceded he was intoxicated and operated his vehicle in a reckless manner. He testified that because he was drunk, he was unable to see the individuals.

---

[1] Defendant admitted at sentencing he had consumed up to ten drinks.

A-2195-23

Defendant agreed he was entering the plea knowingly and voluntarily. He further acknowledged he had not consumed any drugs or alcohol that would interfere with his ability to understand the plea colloquy. He stated he was satisfied with the representation provided by his trial counsel and that he had an opportunity to review the reports and discovery with her. He indicated he understood that as part of the plea agreement his sentences were to run consecutively. In August 2019, he was sentenced to an aggregate term of twenty years in prison.

Defendant filed a direct appeal challenging his sentence, which was considered by a Sentencing Oral Argument (SOA) panel. The SOA panel remanded the matter to the trial court for resentencing. In June 2021, the trial court resentenced defendant to twenty years imprisonment with an eighty-five percent parole disqualifier. We subsequently affirmed the sentence.

Thereafter, defendant filed a pro se PCR petition. PCR counsel also filed a brief. Defendant alleged his plea counsel was ineffective in a variety of areas, including failing to: include him in the trial strategy discussions; adequately investigate defendant's case and interview certain alleged witnesses; file a motion challenging the indictment based on the prosecution's withholding from the grand jury that the bar owner had a vested interest in denying that defendant

3

continued drinking after the accident; object to the prosecutor's statement to the grand jury that the criminal justice system was designed to "find justice for the victims"; and move to suppress defendant's statements because his Policemen's Benevolent Association (PBA) representative was not present during questioning. He also asserted ineffective assistance of appellate counsel in failing to raise these issues.

PCR counsel also filed a brief arguing defendant's plea was not voluntary, knowing, and intelligent because defendant was under the influence of alcohol at the time of his plea, and that trial counsel failed to apply for Recovery Court. Both defendant and PCR counsel requested an evidentiary hearing.

On January 25, 2024, the PCR court heard oral argument. The court, as discussed more fully below, denied defendant's PCR petition and request for an evidentiary hearing in an oral decision. The PCR court subsequently issued a comprehensive written opinion in support of the order dismissing defendant's PCR application.

II.

Defendant raises the following points on appeal:

POINT I

BECAUSE [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE

4

PCR COURT ERRED IN DENYING [DEFENDANT]'S PETITION FOR PCR.

A. Legal Standards Governing Applications for [PCR].

B. Defendant's Plea was not Made Voluntarily, Knowingly and Intelligently.

C. Defense Counsel was Ineffective for Failing to Communicate with Defendant and Review Discovery and Trial Strategies.

D. Defense Counsel was Ineffective for Failing to Apply to Recovery Court.

E. Defense Counsel was Ineffective for Failing to File a Motion to Dismiss the Indictment.

F. Defense Counsel was Ineffective for Failing to File a Motion to Suppress Statements and Evidence to the Police.

G. Defendant was Denied the Effective Assistance of Appellate Counsel.

POINT II

IN THE ALTERNATIVE, BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING.

A. Legal Standards Governing [PCR] Evidentiary Hearings.

B. In the Alternative, [defendant] is Entitled to an Evidentiary Hearing.

We review a PCR court's conclusions of law de novo. State v. Nash, 212 N.J. 518, 540-41 (2013). We must affirm the PCR court's factual findings unless they are not supported by "sufficient credible evidence in the record." Id. at 540. A judge's decision to deny a PCR petition without an evidentiary hearing is reviewed under an abuse of discretion standard; however, we may review the factual inferences and legal conclusions drawn by the court de novo. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)); State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey). A

A-2195-23

defendant must establish both prongs by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012).

As to the first prong, the Constitution requires "reasonably effective assistance," so an attorney's performance may not be attacked unless they did not act "within the range of competence demanded of attorneys in criminal cases," and instead "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). When assessing the first Strickland prong, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "every effort [must] be made to eliminate the distorting effects of hindsight." Id. at 689. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999) (citing State v. Davis, 116 N.J. 341, 357 (1989)). Thus, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Further, the court must not focus on the defendant's dissatisfaction with "counsel's exercise of judgment during the trial . . . . while

ignoring the totality of counsel's performance in the context of the State's evidence of [the] defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006).

For the second prong of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 687, 694. This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Marshall, 148 N.J. at 261 (quoting Strickland, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" Gaitan, 209 N.J. at 351 (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). A defendant must show that, "had he been properly advised, it would

have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so."  State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

A petitioner is not automatically entitled to an evidentiary hearing merely by filing for PCR.  State v. Porter, 216 N.J. 343, 355 (2013); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if:  (1) they establish "a prima facie case in support of [PCR]," (2) "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and (3) "an evidentiary hearing is necessary to resolve the claims for relief."  In order to establish a prima facie case, a "defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits."  R. 3:22-10(b); see also Marshall, 148 N.J. at 158.  Thus, to obtain an evidentiary hearing on a PCR petition based upon claims of ineffective assistance of counsel, a defendant must make a showing of both deficient performance and actual prejudice.  State v. Preciose, 129 N.J. 451, 463-64 (1992).

Conversely, Rule 3:22-10(e) states

[a] court shall not grant an evidentiary hearing:

A-2195-23

(1)     if an evidentiary hearing will not aid the court's analysis of the defendant's entitlement to [PCR];

(2)     if the defendant's allegations are too vague, conclusory or speculative; or

(3)     for the purpose of permitting a defendant to investigate whether additional claims for relief exist for which defendant has not demonstrated a reasonable likelihood of success as required by R[ule] 3:22-10(b).

Thus, "in order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170.  "[R]ather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'"  State v. Jones, 219 N.J. 298, 312 (2014) (quoting Porter, 216 N.J. at 355).

Defendant argues his plea was not entered knowingly and intelligently because he was under the influence of alcohol at the time he pled guilty.  He further claims trial counsel informed him he would only have to serve a total of ten years in prison for both counts.  He next argues trial counsel was ineffective for failing to communicate with him and failed to review discovery and trial strategies.  He also asserts trial counsel did not explore defendant's assertion that

he only drank at home and not prior to the accident, and that she failed to interview witnesses.

The PCR court concluded defendant's assertion that he was under the influence of alcohol during the plea hearing, thereby rendering his plea involuntary, was contradicted by the record. It noted plaintiff denied being under the influence of drugs, medication, or alcohol when questioned under oath.

The PCR court likewise was unpersuaded by defendant's claim that trial counsel did not explain his sentencing exposure. The court noted that it had explained the terms of the plea offer to defendant, and he acknowledged he understood that "[i]n exchange for [his] plea," the State was recommending two consecutive ten-year terms for "a total of twenty years." (Emphasis omitted). The court noted there were "no new facts or proofs in [defendant's application] to suggest that the answers provided [during the plea colloquy] were the product of coercion or that he did not understand the questions posed to him."

The PCR court further rejected defendant's argument that counsel was deficient for failing to consult with him regarding trial strategy. It noted, "[defendant] affirmed his trial attorney had answered all questions to his satisfaction and that he was pleased with his representation." Defendant further

11

represented trial counsel had reviewed "possible motions that could be made" to defend his position of not guilty. The court noted there was nothing in defendant's application to "contradict [his] statements made during his plea hearing." The court noted that defendant's allegations were bald assertions lacking any evidentiary merit. Moreover, as to prong two of Strickland, the court noted there was no suggestion that defendant would not have pled guilty and insisted on going to trial.

Regarding defendant's allegation that trial counsel was deficient in failing to investigate his case or to question witnesses, the PCR court noted defendant failed to provide the name of any prospective witnesses who should have been interviewed or described "possible avenues of investigation" that counsel failed to consider. It noted that defendant represented he was satisfied with counsel's representation, and there were no facts presented to demonstrate defendant would have proceeded to trial but for any alleged error. It observed that trial counsel moved to suppress the State's medical expert but was unsuccessful. Furthermore, "[t]he State was permitted to call that expert to demonstrate that [defendant] had been intoxicated during the incident that resulted in the victims' deaths." Moreover, the PCR court stated, "[t]he State also had eyewitness accounts from patrons at a bar to establish [defendant's] location on the day in

question, a timeline of events, and surveillance footage to verify that timeline." It found there was nothing in the record to support a finding that counsel failed to consider key witnesses or any specific contradictory evidence. Accordingly, it noted, "[t]aken in [the] aggregate, the State's evidence against [defendant] was so substantial that success at trial was unlikely . . . ."

We determine the PCR court correctly concluded these arguments were without merit. Defendant's arguments are belied by the record. He specifically denied being under the influence of alcohol at the plea hearing, contrary to his present assertions. Moreover, he acknowledged he understood the terms of his plea, including that the State was recommending twenty years in prison subject to an eighty-five percent parole disqualifier. He acknowledged no one threatened or coerced him, or provided him with any contrary information regarding the plea offer. In short, the record convincingly demonstrates defendant was aware of the State's recommended sentence prior to defendant entering a guilty plea. Defendant's arguments are mere bald assertions.

Moreover, defendant acknowledged during the plea colloquy he was satisfied with his representation and that his attorney had answered all of his questions to his satisfaction. He further agreed that his trial counsel had reviewed all reports and discovery with him and discussed the possible motions

13

that could be made in support of his defense. Furthermore, there is no indication which witnesses trial counsel failed to interview, what the witnesses would have said, or how the alleged failure to discuss trial strategies would have impacted the outcome of this case. Thus, the court correctly determined defendant failed to satisfy either prong of Strickland.

Defendant next argues trial counsel was ineffective for failing to apply to Recovery Court. He asserts that had an application been submitted, he would have been accepted and received appropriate treatment.

The PCR court noted that trial counsel was not ineffective for failing to "consider Recovery Court probation as an alternative to his twenty-year prison sentence." It observed Recovery Court prioritizes rehabilitation for non-violent offenses. It further noted "[defendant] pled to two counts of death by auto, which is a sufficiently violent crime to preclude entry into Recovery Court under N.J.S.A. 2C:35-14[(a)](7)."

We agree the PCR court correctly rejected defendant's argument that trial counsel was ineffective for failing to apply to Recovery Court. Defendant pled guilty to two counts of first-degree vehicular homicide pursuant to N.J.S.A. 2C:11-5(a). These offenses disqualified defendant under N.J.S.A. 2C:35-14(b) from Recovery Court. Therefore, counsel was not ineffective in failing to pursue

14

Recovery Court as an option. Counsel cannot be ineffective when they do not file a meritless motion. See State v. O'Neal, 190 N.J. 601, 619 (2007).

Defendant next contends trial counsel was ineffective for failing to move to dismiss the indictment based on the alleged vested interest of the bar owner who denied defendant continued drinking at the establishment after the accident. Defendant also points to the prosecutor's statement that the New Jersey criminal justice system is a place to "find justice for the victims."

The PCR court deemed defendant's arguments unpersuasive. It noted that under N.J.R.E. 103(a)(3), the rules of evidence may be relaxed to admit relevant and trustworthy evidence in grand jury proceedings. It stated the challenged witness testimony was relevant because it helped establish a timeline for the night in question, coupled with the fact that the witness was trustworthy due to her relationship with defendant, which allowed her to identify him. The court observed, "[t]here is little to suggest that [defendant] would not have pled guilty, or would have been successful at trial, had trial counsel moved to dismiss the indictment . . . ." Moreover, the court noted defendant did not "provide any information in his petition, brief, or supplemental materials to demonstrate how the witness'[s] testimony prejudiced his case." Rather, the court commented that defendant's allegation was a mere bald assertion.

15

Likewise, the court found the prosecutor's request to "find justice for victims" did not cause any discernible prejudice to defendant. It noted defendant failed to discuss how the prosecutor used the phrase. Moreover, it characterized the argument as "speculative" and noted there was no indication that had a motion been filed, it would have been successful.

We affirm substantially for the reasons set forth by the PCR court. Defendant advised the court during his plea colloquy that he was satisfied with the work of defense counsel and that she had reviewed the discovery with him. He fails to articulate how the bar owner's testimony was biased and does not provide the substance of her statements for this court to evaluate. Moreover, defendant does not provide any context for the prosecutor's advising the grand jury that the criminal justice system in New Jersey is a place to "find justice for the victims" or how that prejudiced defendant under the facts of this case.

Defendant, who previously served as a correctional officer, next argues defense counsel was ineffective by failing to move to suppress the statement he gave to the police because he was not provided with a PBA representative during questioning.

The PCR court found defendant's argument unconvincing that trial counsel should have moved to suppress his statements. It noted that defendant

16

was not entitled to have a union representative present for the questioning. It stated, "New Jersey Attorney General Guideline 11-36 'expressly provide[s] that the officer has the right to consult with a union representative or any other representative of his choice and have the representative present during the interview,' provided the interview is part of an internal affairs investigation." In re Carroll, 339 N.J. Super. 429 (App. Div. 2001). It further observed that right does not extend to the situation where the defendant is in custodial interrogation subject to a criminal investigation. The PCR court noted that even if defendant's trial counsel had filed a motion, she would not have prevailed. Accordingly, there was no obligation on the part of trial counsel to file such a motion.

Defendant provides no controlling legal authority to support this argument. We agree with the PCR court that there is no merit to this contention and, therefore, under Strickland, there is no indication such a motion would have been successful.

To the extent we have not addressed any other arguments raised by defendant, we are satisfied they are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

17